UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

CARLOS BRITO,

    Plaintiff,
v.

13931 NW 27 AVENUE LLC and RYTA FOOD CORP.,

    Defendant.
_____/

## COMPLAINT

Plaintiff, CARLOS BRITO, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues 13931 NW 27 AVENUE LLC, and RYTA FOOD CORP. (hereinafter "Defendants"), and as grounds alleges:

JURISDICTION, PARTIES. AND VENUE

1. This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2. The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, et seq.

4. Plaintiff, CARLOS BRITO, is an individual over eighteen years of age, residing in Miami-Dade County, Florida, and is otherwise *sui juris*.

5. At all times material, Defendant, 13931 NW 27 AVENUE LLC, owned and operated a place of public accommodation at 13931 NW 27th Ave., Miami, Florida, (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public

accommodation in Miami-Dade, Florida.

6. At all times material, Defendant, 13931 NW 27 AVENUE LLC, was and is a Florida Limited Liability Company, organized under the laws of the state of Florida with its principal place of business in Opa Locka, Florida.

7. At all times material, Defendant, RYTA FOOD CORP., owned and operated a retail supermarket and a place of public accommodation at 13931 NW 27th Ave., Miami, Florida, (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Miami-Dade, Florida. RYTA FOOD CORP. hold itself out to the public as "Top Value Supermarket."

8. At all times material, Defendant, RYTA FOOD CORP., was and is a Florida Profit Corporation, with its principal address in Miami, Florida.

9. Venue is properly located in the Southern District of Florida because Defendants' Commercial Property is located in Miami-Dade County, Florida, Defendants regularly conduct business within Miami-Dade County, Florida, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Miami-Dade County, Florida.

FACTUAL ALLEGATIONS

10. Although over twenty-eight (28) years have passed since the effective date of Title III of the ADA, Defendants have yet to make its facilities accessible to individuals with disabilities.

11. Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendants continue to discriminate against people who are disabled in ways that block them from access and use of Defendants' business and properties.

12. The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance

13. Plaintiff, CARLOS BRITO, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff, CARLOS BRITO, is, among other things, a paraplegic (paralyzed from his T-6 vertebrae down) and is therefore substantially limited in major life activities due to his impairment, including, but not limited to, not being able to walk or stand. Plaintiff requires the use of a wheelchair to ambulate.

14. Defendant, 13931 NW 27 AVENUE LLC, owns, operates and oversees the Commercial Property, its general parking lot and parking spots. Defendant RYTA FOOD CORP. operates the retail supermarket business located within the Commercial Property.

15. The subject Commercial Property is open to the public and is located in Miami, Miami-Dade County, Florida.

16. The individual Plaintiff visits the Commercial Property and business located within the Commercial Property, regularly, to include a visit to the Commercial Property and business located within the Commercial Property on or about August 18, 2020, and encountered multiple violations of the ADA that directly affected his ability to use and enjoy the Commercial Property and business located therein. He often visits the Commercial Property and business located within the Commercial Property in order to avail himself of the goods and services offered there, and because it is approximately twenty-six (26) miles from his residence, and is near his friends' residences as well as other business and restaurants he frequents as a patron. He plans to return to the Commercial Property and the business located within the Commercial Property within two (2) months of the filing of this Complaint.

17. Plaintiff resides nearby in the same County and state as the Commercial Property

and the business located within the Commercial Property, has regularly frequented the Defendants' Commercial Property and the business located within the Commercial Property for the intended purposes because of the proximity to his and his friends' residences and other business that he frequents as a patron, and intends to return to the Commercial Property and business located within the Commercial Property within two (2) months from the filing of this Complaint.

18. The Plaintiff found the Commercial Property, and the business located within the Commercial Property to be rife with ADA violations. The Plaintiff encountered architectural barriers at the Commercial Property, and business located within the Commercial Property and wishes to continue his patronage and use of each of the premises.

19. The Plaintiff has encountered architectural barriers that are in violation of the ADA at the subject Commercial Property, and business located within the Commercial Property. The barriers to access at Defendants' Commercial Property, and the business located within the Commercial Property have each denied or diminished Plaintiff's ability to visit the Commercial Property, and business located within the Commercial Property, and have endangered his safety in violation of the ADA. The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, CARLOS BRITO, and others similarly situated.

20. Defendant, 13931 NW 27 AVENUE LLC, owns and operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. RYTA FOOD CORP. owns and operates the retail supermarket business within the Commercial Property. Defendants, 13931 NW 27 AVENUE LLC and RYTA FOOD CORP. are responsible for complying with the obligations of the ADA. The place of public accommodation that Defendants, 13931 NW 27 AVENUE LLC, and RYTA FOOD CORP. own

and/or operate is s located 13931 NW 27th Ave., Miami, Florida.

21.     Plaintiff, CARLOS BRITO, has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described Commercial Property and the business located within the Commercial Property, including but not necessarily limited to the allegations in Count I of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Commercial Property, and business located within the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property and business located therein, not only to avail himself of the goods and services available at the Commercial Property, and business located within the Commercial Property, but to assure himself that the Commercial Property and business located within the Commercial Property are in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the Commercial Property, and business located within the Commercial Property without fear of discrimination.

22.     Defendant, 13931 NW 27 AVENUE LLC, as landlord and owner of the Commercial Property Business, is responsible for all ADA violations listed in Count I of this Complaint. Defendant RYTA FOOD CORP., as tenant and owner of the business is jointly and severally liable for all the violations listed in Count I of this Complaint.

23.     Plaintiff, CARLOS BRITO, has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described Commercial Property and business located within the Commercial Property, but not necessarily limited to the allegations in Count I of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Commercial Property, and business within the Commercial Property, in violation of the ADA. Plaintiff desires

5

to visit the Commercial Property and business within the Commercial Property, not only to avail himself of the goods and services available at the Commercial Property and business located within the Commercial Property, but to assure himself that the Commercial Property, and business located within the Commercial Property are in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the Commercial Property, and business located within the Commercial Property without fear of discrimination.

24. Defendants have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property, and business located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

## COUNT I
## AS TO DEFENDANTS 13931 NW 27 AVENUE LLC AND RYTA FOOD CORP.

25. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 24 above as though fully set forth herein.

26. Defendants, 13931 NW 27 AVENUE LLC, and RYTA FOOD CORP. have discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendants have 10 or fewer employees and gross receipts of $500,000 or less).  A list of the violations that Plaintiff encountered during his visit to the Commercial Property, include but are not limited to, the following:

A. Parking

i. There are accessible parking spaces that do not provide signs designating them as accessible, violating Section 4.6.4 of the ADAAG and Section 502.6 of the 2010 ADA Standards, whose resolution is readily achievable.

    B. Entrance Access and Path of Travel

i. The Plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes from the public sidewalk and transportation stop. These are violations of the requirements in Sections 4.3.2(1), 4.3.8, 4.5.1, and 4.5.2 of the ADAAG and Sections 206.2.1, 302.1, 303, and 402.2 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The Plaintiff had difficulty traversing the path of travel due to abrupt changes in level. Violation: There are changes in levels of greater than ½ inch, violating Sections 4.3.8 and 4.5.2 of the ADAAG and Section 303 of the 2010 ADA Standards, whose resolution is readily achievable.

iii. The Plaintiff could not traverse through areas of the store, as the required 36" path is not provided. Violation: A continuous path of travel connecting all essential elements of the store is not provided, violating Sections 4.2.1, 4.3.2(2), & 4.3.3 of the ADAAG and Sections 206.2.2 & 403.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

    C. Public Restrooms

i. The Plaintiff had difficulty using the doorknob on the restroom door without assistance, as it requires tight grasping. Violation: The restroom door has non-compliant hardware for disabled patrons, violating Sections 4.13.9 & 4.27.4 of the ADAAG and Sections 309.4 & 404.2.7 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The Plaintiff could not enter the restroom without assistance, as the door width is too narrow. Violation: The clear width at restroom doors is less than the prescribed minimums violating Section 4.13.5 of the ADAAG and Section 404.2.3 of the 2010 ADA Standards, whose resolution is readily achievable.

iii. The Plaintiff was exposed to a cutting/burning hazard because the lavatories outside the accessible toilet compartment have pipes that are not wrapped. Violation: The lavatory pipes are not fully wrapped or maintained outside the accessible toilet compartment violating Section 4.19.4 of the ADAAG and Sections 213.3.4 & 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

iv. The Plaintiff could not use the accessible toilet compartment door without assistance, as it is not self-closing and does not have compliant door hardware. Violation: The accessible toilet compartment door does not provide hardware and features that comply with Sections 4.17.5 and 4.13.9 of the ADAAG and Sections 309.4 and 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

v. The Plaintiff could not enter the accessible toilet compartment without assistance, as the required maneuvering clearance is not provided. Violation: The accessible toilet compartment does not provide the required latch side clearance at the door violating Sections 4.13.6 and 4.17.5 of the ADAAG and Sections 404.2.4 and 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

vi. The Plaintiff had difficulty using the locking mechanism on the toilet compartment door without assistance, as it is mounted too high and requires tight grasping. Violation: The toilet compartment door has non-compliant hardware for disabled patrons, violating Sections 4.13.9,

            4.17.5, 4.27.3, & 4.27.4 of the ADAAG and Sections 309.3, 309.4, & 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

vii.     The Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are not wrapped. Violation: The lavatory pipes are not fully wrapped or maintained violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

viii.    The Plaintiff could not use the lavatory faucets without assistance, as they require a tight grasp and twist to operate. Violation: Compliant faucets are not provided at the lavatory violating Sections 4.19.5 and 4.27.4 of the ADAAG and Sections 309.4 and 606.4 of the 2010 ADA Standards, whose resolution is readily achievable.

ix.     The Plaintiff could not transfer to the toilet without assistance, as objects are mounted less than 12" above a grab bar obstructing its use. Violation: The grab bars in the accessible toilet compartment do not comply with the requirements prescribed in Sections 4.17.6 and 4.26 of the ADAAG and Section 609.3 of the 2010 ADA Standards, whose resolution is readily achievable.

x.      The Plaintiff had difficulty using the toilet without assistance, as it is not mounted at the required distance from the side wall. Violation: The water closet in the accessible toilet compartment is mounted at a non-compliant distance from the wall in violation of Section 4.17.3 and Figure 30(a) of the ADAAG and Section 604.2 of the 2010 ADA Standards, whose resolution is readily achievable.

xi.     The Plaintiff could not transfer to the toilet without assistance, as the side grab bar is not at the required location. Violation: The grab bars in the accessible toilet compartment do not comply

with the requirements prescribed in Section 4.17.6 of the ADAAG and Section 604.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

xii. The Plaintiff could not use the mirror, as it is mounted too high. Violation: The mirrors provided in the restrooms are in violation of the requirements in Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

xiii. The Plaintiff could not wash his hands in the accessible toilet compartment due the lack of a soap dispenser. Violation: Elements in the restroom are not readily accessible and usable by persons with disabilities, violating 28 CFR 36.211, whose resolution is readily achievable.

## **RELIEF SOUGHT AND THE BASIS**

27. The discriminatory violations described in Count I are not an exclusive list of the Defendants' ADA violations. Plaintiff requests an inspection of the Defendants' places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, CARLOS BRITO, from further ingress, use, and equal enjoyment of the Commercial Business and business located within the Commercial Property; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice. A complete list of the Subject Premises' ADA violations, and the remedial measures necessary to remove same, will require an on-site inspection by Plaintiff's representatives pursuant to Federal Rule of Civil Procedure 34.

28. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendants, Defendants' buildings,

business and facilities; and has otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

29. Defendants have discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendants continue to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

30. Plaintiff is without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

31. A Defendant is required to remove the existing architectural barriers to the

physically disabled when such removal is readily achievable for their place of public accommodation, the Plaintiff and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

32.     Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendants have 10 or fewer employees and gross receipts of $500,000 or less).   All other conditions precedent have been met by Plaintiff or waived by the Defendant.

33.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter the property where Defendants operate the business, located at and/or within the commercial property located at 13931 NW 27th Ave., Miami, Florida, the exterior areas, and the common exterior areas of the Commercial Property and business located within the Commercial Property, to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cure the violations of the ADA.

WHEREFORE, the Plaintiff, CARLOS BRITO, respectfully requests that this Honorable Court issue (i) a Declaratory Judgment determining Defendants at the commencement of the subject lawsuit were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against Defendants including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants

to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: August 26, 2020

**GARCIA-MENOCAL & PEREZ, P.L.**
*Attorneys for Plaintiff*
4937 S.W. 74th Court
Miami, Florida 33155
Telephone: (305) 553-3464
Facsimile: (305) 553-3031
Primary E-Mail: ajperez@lawgmp.com
Secondary E-Mails: bvirues@lawgmp.com
aquezada@lawgmp.com

By: ___/s/_Anthony J. Perez_____
    ANTHONY J. PEREZ
    Florida Bar No.: 535451
    BEVERLY VIRUES
    Florida Bar No.: 123713